IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SALVADOR MENDEZ-ZAMORA,<br><br>Defendant. | Case No. 00-20066-JAR-5 |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Salvador Mendez-Zamora's combined Motion to Vacate, Set Aside, or Correct his conviction and sentence pursuant to 28 U.S.C. § 2255 and for Sentence Reduction under 18 U.S.C. § 3582(c) (Doc. 305). Defendant also filed a Motion to Show Cause (Doc. 309) why relief should not be granted on his motions. For the reasons explained below, the Court dismisses Defendant's motion as an unauthorized second or successive § 2255 motion and denies his request to reduce his sentence. Defendant's motion to show cause is also denied as moot.

**I.      Background**

On March 16, 2001, a jury found Defendant guilty of a number of drug-trafficking offenses.[1] In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which determined that Defendant was responsible for

---

[1]Doc. 149.  *See* Presentence Investigation Report at 1–2 (listing offenses of conviction in violation of 21 U.S.C. § 846 (conspiracy to distribute with intent to distribute methamphetamine), 841(a)(1) (distribution and possession with intent to distribute methamphetamine), and 843(b) (use of a communication device to facilitate a drug trafficking offense), and 18 U.S.C. § 2 (aiding and abetting)).

58.496 kilograms of methamphetamine, resulting in a base offense level of 38. Defendant was assessed a two-level increase for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), a four-level increase for his role as an organizer or leader under § 3B1.1(a), and a two-level increase for obstruction of justice under § 3C1.1, resulting in a total offense level of 46.[2] At sentencing, however, Judge Carlos Murguia determined that the evidence supported only a three-level increase for an aggravating role under § 3B1.1, reducing the total offense level to 45. Defendant had a criminal history category of I, resulting in a Guidelines range of life imprisonment. Pursuant to the then-mandatory Sentencing Guidelines, on June 19, 2001, Judge Murguia sentenced Defendant to life imprisonment.[3]

Defendant directly appealed to the United States Court of Appeals for the Tenth Circuit, which affirmed his conviction and sentence on July 24, 2002.[4] The Supreme Court denied Defendant's Petition for Writ of Certiorari on December 12, 2002.[5] Defendant then moved to vacate his sentence under 28 U.S.C. § 2255.[6] Defendant's motion was denied on March 31, 2006.[7] On April 3, 2007, the Tenth Circuit dismissed Defendant's appeal as untimely.[8]

Defendant filed his second § 2255 motion currently before the Court on August 31, 2020, arguing that his motion should be considered a "numerically second motion" and that recent Supreme Court decisions provide substantive new constitutional rules that are retroactively

---

[2] PSR at 21–22.

[3] Doc. 190.

[4] *United States v. Mendez-Zamora*, 296 F.3d 1013 (10th Cir. 2002).

[5] Doc. 238.

[6] Doc. 245.

[7] Doc. 266.

[8] Doc. 289.

applicable to his case on collateral review.[9] He also contends that his sentence should be reduced under 18 U.S.C. § 3582(c)(2) based on amendments to the Sentencing Guidelines. Defendant's case was reassigned to this Court on the same day.[10] The government has responded[11] and Defendant has replied.[12]

## II.     Discussion

### A.     Second or Successive § 2255 Motion

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to § 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.[13] Because Defendant's second or successive motion under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court should determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the motion for lack of jurisdiction.[14]

A second or successive § 2255 motion may be authorized only if it relies on (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of constitutional law, made

---

[9]Doc. 305 at. 1, 6.

[10]Doc. 304.

[11]Doc. 307.

[12]Doc. 308.

[13]28 U.S.C. §§ 2244(b)(3), 2255(h).

[14]*See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

3

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[15]  Defendant does not meet either requirement.

First, Defendant's present motion does not raise newly discovered *evidence*, but rather, newly discovered *claims*.  Defendant argues that his motion should be construed as a "numerically second" § 2255 motion rather than as a second or subsequent § 2255 motion. Defendant relies on *In re Weathersby*[16] and *Stewart v. United States*[17] to support his argument. Defendant's reliance on these cases is misplaced.  In both of these cases, the grounds for challenging a movant's sentence was the vacatur of a predicate state conviction,[18] which can constitute a new fact under 28 U.S.C. § 2255(f)(4), and thus restart the one-year time to file an appeal.[19]  In contrast, Defendant presents no new facts that did not exist at the time of his sentencing.

Second, no rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court supports Defendant's motion.  Defendant cites to the 2019 Supreme Court decisions of *Rehaif v. United States*,[20] *United States v. Davis*,[21] and *Alleyne v. United States*[22] as grounds authorizing his second § 2255.  None of these cases support Defendant's request for relief.

---

[15]28 U.S.C. § 2255(h).

[16]717 F.3d 1108, 1111 (10th Cir. 2013).

[17]646 F.3d 856, 863–65 (11th Cir. 2011).

[18]*Weathersby*, 717 F.3d at 1111; *Stewart*, 646 F.3d at 863–65.

[19]*See Johnson v. United States*, 544 U.S. 295, 302 (2005).

[20]139 S. Ct. 2191 (2019).

[21]139 S. Ct. 2319 (2019).

[22]570 U.S. 99 (2013).

In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence constitutes an element of the crime that must be found by a jury beyond a reasonable doubt.[23] *Rehaif* merely clarified the scienter requirement of 18 U.S.C. §§ 922(g) and 924(a)(2).[24] However, neither case has been made retroactive to cases on collateral review.[25] And while *Davis* was made retroactive by the Tenth Circuit, Defendant's reliance on that case is misplaced.[26] In *Davis*, the Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) defining "crime of violence" is unconstitutionally vague.[27] Although Defendant received a two-level sentence enhancement for possession of a firearm, he was neither charged with nor convicted of an offense under § 924(c)(1)(A).[28]

The Court therefore finds that it is not in the interest of justice to transfer this claim to the Tenth Circuit, and Defendant's motion is dismissed for lack of jurisdiction. The Court further finds that a certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[29]

---

[23]*United States v. Reyes-Soto*, 556 F. App'x 675, 677 (10th Cir. 2014) (citing *Alleyne*, 570 U.S. at 102).

[24]*See Rehaif*, 139 S. Ct. at 2200.

[25]*Reyes-Soto*, 556 F. App'x at 677 ("But we have determined that, while *Alleyne* 'actually does set forth a new rule of constitutional law,' it has not 'been made retroactive to cases on collateral review.'") (quoting *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013)); *United States v. Ingram*, No. 14-20060-02-JAR, 2020 WL 6078151, at *2 (D. Kan. Oct. 15, 2020) (recognizing that although the Tenth Circuit has not addressed the issue, non-retroactivity of *Rehaif* is "the uniform view of . . . courts of appeals that have addressed the question." (quoting *Mata v. United* States, 969 F.3d 91, 94 (2d Cir. 2020))); *see also In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) (same); *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019) (same).

[26]*See United States v. Bowen*, 936 F.3d 1091, 1097–98 (2019) ("We first conclude that the Supreme Court's ruling in *Davis* that § 924(c)(3)'s residual clause is void for vagueness is a new constitutional rule that is retroactive on collateral review.")

[27]*See Davis*, 139 S. Ct. at 2336 (holding 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague).

[28]*See* 18 U.S.C. § 924(c)(1)(A) (imposing heightened penalties on a defendant who, during and in relation to a drug trafficking crime, "uses or carries a firearm" or possesses a firearm "in furtherance of" the drug trafficking crime).

[29]*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

**B.     Sentence Reduction**

Defendant also moves for reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the Sentencing Guidelines.[30] While it appears Defendant has withdrawn his motion for sentence reduction in his reply, the Court will briefly address the merits of his request.[31]

"A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so."[32] Where a defendant has been sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant, the court may reduce the term of imprisonment after considering the factors in 18 U.S.C. § 3553(a) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[33]

Amendment 782 became effective November 1, 2014, and generally reduces the base offense levels in the Drug Quantity Table in U.S.S.G. § 2D1.1 by two levels. Amendment 788 allows Amendment 782 to be applied retroactively. While there is no question that Defendant was sentenced under the "old" Guidelines range, a reduction in the term of imprisonment as a result of an amended Guidelines range must still be consistent with the policy statement at

---

[30]Doc. 305 at 5, 6.

[31]Doc. 308 at 4 ("The defendant did not and is not basing this petition on Amendment 782 and the retroactiveness [sic] of that Amendment. The defendant was hoping and praying that this honorable court of Carlos Murguia would grant him the drug minus (2) two point reduction, along with the (2) points for the weapon.").

[32]*See* 18 U.S.C. § 3582(c); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[33]18 U.S.C. § 3582(c)(2).

6

U.S.S.G. § 1B1.10.[34] Such a reduction is not consistent with the policy statement if it "does not have the effect of lowering the defendant's applicable guideline range."[35]

Here, Defendant is ineligible for a sentence reduction because the applicable Guidelines range of his offense will not change with the two-point reduction provided under Amendment 782. Defendant's total offense level was 45.[36] A two-point reduction would place Defendant at an offense level of 43, the range of which remains life imprisonment, so no reduction may occur.[37] Defendant's argument that the offense level reduction should be calculated from level 43, the highest level on the sentencing table, is misplaced. The Guidelines require a calculation of the total offense level, not an artificial cap of 43 from which reductions are taken. As the government notes, the Guidelines impose a final offense level of 43 where the calculated offense is higher.[38]

Finally, a defendant may not seek to employ § 3582(c)(2) to relitigate sentencing issues unrelated to the application of § 2D1.1 as amended by Amendment 782.[39] Thus, Defendant's

---

[34]*Dillon v. United States*, 560 U.S. 817, 827 (2010) ("At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.").

[35]U.S.S.G. § 1B1.10(a)(2)(B); *see Dillon* 560 U.S. at 827 (finding that courts must follow the Commission's instructions to determine eligibility for sentence modification and only then consider the § 3553(a) factors).

[36]Doc. 223.

[37]*See United States v. Frazier*, 343 F. App'x 523, 524 (11th Cir. 2009) (involving similar example); *United States v. Kirtman*, 310 F. App'x 278, 280 (10th Cir. 2009) (similar enhancements still kept Guidelines range at life imprisonment).

[38]*See* U.S.S.G., Ch. 5, pt. A, app. n.2 ("In rare cases, a total offense level of . . . more than 43 may result from application of the guidelines. . . .  An offense level of more than 43 is to be treated as an offense level of 43."); *see also United States v. Perez*, 40 F. App'x 711 (3d Cir. 2002) (where defendant's original offense level was 46, and he was sentenced to life imprisonment, and a retroactive amendment reduced his offense level by two levels, the revised total offense level was 44 and not 41; finding that the defendant's "argument has not support in the Guidelines.").

[39]*See United States v. Dillon*, 560 U.S. 817, 831 (2010) (explaining § 3582(c)(2) does not authorize a resentencing, but "permits a sentence reduction within the narrow bounds established by the Commission.").

apparent effort to litigate the application of the dangerous weapon enhancement or other issues is not permitted. Defendant's request is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Salvador Mendez-Zamora's Motion to Vacate, Set Aside, or Correct his conviction and sentence pursuant to 28 U.S.C. § 2255 (Doc. 305) is **dismissed** as an unauthorized second or successive motion. Mendez-Zamora is also denied a certificate of appealability.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582 is **denied**. Defendant's Motion to Show Cause (Doc. 309) why relief should not be granted on his motions is **denied as moot**.

**IT IS SO ORDERED.**

Dated: <u>March 3, 2021</u>

                                  S/ Julie A. Robinson
                                  JULIE A. ROBINSON
                                  CHIEF UNITED STATES DISTRICT JUDGE