# In the United States District Court
## for the District of Kansas

---

**United States of America**,
    *Plaintiff*,

v.                                                   Case No. 2:00-cr-20066-JAR-5

**Salvador Mendez-Zamora,**
    *Defendant*.

---

## Order Reducing Term of Imprisonment

---

This matter is before the Court on defendant Salvador Mendez-Zamora's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Docs. 311, 312. The government now does not oppose the request and agrees the defendant's sentence should be reduced from life to 280 months' imprisonment.

The "combination" of a sentencing scheme that would no longer apply and "a defendant's unique circumstances" can "constitute extraordinary and compelling reasons" for a reduction under § 3582(c)(1)(A)(i). *See United States v. McGee*, 992 F.3d 1036, 1048 (10th Cir. 2021); *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). Mr. Mendez presents a combination of reasons that warrant a reduction, including the fact he received a life sentence under the no longer applicable mandatory guidelines, his youth at the time of the offense, codefendant sentence disparities, and his post-sentencing rehabilitation.

In 2001, an indictment charged Mr. Mendez, four of his older siblings, and two other codefendants with trafficking methamphetamine. Three of the defendants absconded and the case against them was dismissed. Doc. 290. One brother, Mario Mendez-Zamora, pleaded guilty and was sentenced to 210 months' imprisonment. Heraclio Gaona-Sepulveda went to trial and was convicted, and was sentenced to 264 months' imprisonment, later reduced to 235 months. Prior to trial, the government offered Mr. Mendez a plea deal including 25 years' imprisonment, which Mr. Mendez rejected.

Mr. Mendez went to trial and was convicted of one count of conspiring to possess with the intent to distribute more than 1 kilogram of methamphetamine, two counts of possession with intent to distribute methamphetamine, and one count of using a phone to facilitate drug trafficking. Doc. 149, 190. He had no prior criminal history. Mr. Mendez's mandatory guidelines range was life. The district court judge imposed a life sentence.

The changes in the law with respect to the advisory guidelines and youth and culpability are extraordinary and compelling reasons for a reduction in this case. At the time of sentencing, the guidelines were mandatory. The sentencing court was required to give Mr. Mendez a life sentence unless it found a specified departure was available. *See United States v. Booker*, 543 U.S. 220, 234 (2005). Youth was not a permissible ground for a departure, which the sentencing court specifically noted. USSG § 5H1.1 (2001); Doc. 223, at 169-70. But under the now-advisory guidelines system, a sentencing court can consider a much wider

variety of bases for a downward variance, including Mr. Mendez's youth, which likely would have affected the sentence he received. *See, e.g., United States v. Mann*, 2021 WL 2019187, at *3 (E.D.N.C. May 20, 2021) (defendant "was sentenced under the mandatory guidelines regime, which gave this court no discretion to fashion a sentence tailored to the individual"); *United States v. Kratsas*, 2021 WL 242501, at *4 (D. Md. Jan. 25, 2021) ("the then mandatory life sentence imposed presents grounds for compassionate release consideration"); *United States v. Parker*, 461 F. Supp. 3d 966, 981 (C.D. Cal. 2020) (finding mandatory-guidelines life sentence to be an extraordinary and compelling reason for a reduction).

The law has also changed significantly since Mr. Mendez's sentencing with respect to the law's recognition of the relationship between youth and culpability. Contrary to the law in 2001, current law recognizes that young people are less mature, are more reckless and impulsive, are more vulnerable to surrounding influence, lack the ability to control their lives and surroundings, and have characters that are less fixed and more amenable to change, all of which makes irrevocable sentences like mandatory life inappropriate in many cases. *See, e.g, Miller v. Alabama*, 567 U.S. 460, 471 (2012) (discussing the relationship between youth and culpability, and the impropriety of a mandatory life sentence for minors); *United States v. Espino*, No. 03-20051-08-JWL, 2022 WL 4465096, at *2-3 (D. Kan. Sept. 26, 2022) (reviewing law on youth and culpability). In this case, Mr. Mendez was at an age and in a situation when all

3

of the concerns about youth and culpability were present. He was just 18 when he became involved in the conspiracy, and 20 when he was arrested. Multiple of Mr. Mendez's older brothers were also charged in the conspiracy. The record shows that when Mr. Mendez met other drug distributors, his action was to connect that person with his brothers, showing that while he was involved in the drug trafficking, it was his older brothers who oversaw it.

In fact, Mr. Mendez's older brother and codefendant, Mario, was charged with the same conspiracy to distribute methamphetamine, along with additional counts of distributing methamphetamine. Doc. 9. Mario pleaded guilty to one count and received a sentence of 210 months. Doc. 133. He has been released. Of all the codefendants, Mr. Mendez—the youngest brother—was the only codefendant sentenced to life in prison, and is the only one still in prison. This disparity also supports a reduction. *See Maumau*, 993 F.3d at 827; *United States v. Dyke*, No. 10-20037-02-JWL, Doc. 518, at 3 (D. Kan. Nov. 23, 2021); *United States v. Sanchez*, 2021 WL 2808702 at *11 (E.D. Cal. July 6, 2021) (collecting cases finding that codefendant sentence disparities warrant a reduction).

The Court also considers the 18 U.S.C. § 3553(a) factors, including Mr. Mendez's post-sentencing conduct, which "provides the most-up-to-date picture" of his history and characteristics. *United States v. Merriweather*, 2021 WL 3488407, at *6 (D. Kan. Aug. 9, 2021). Mr. Mendez is now 42 years old and has served more than 22 years in prison, far longer than any other defendant in the case. He had no prior criminal history. He was not convicted or accused of any

violence as part of the offense. He has not been accused of any violence in prison. And despite his life sentence, he has educated himself in BOP. He has maintained employment, earned his GED and learned English as a second language. Mr. Mendez also has the support system of his family. He is not a citizen and will be deported to Mexico upon his release from prison, where he can reconnect with his family and will pose no danger to the public.

For all these reasons, a 280-month sentence adequately accounts for the seriousness of the offense, as well as Mr. Mendez's youth at the time. It is a sentence longer than that served by any other codefendant and is sufficient punishment in the circumstances of this case.

The Court has considered the applicable factors set forth in 18 U.S.C. § 3582(c)(1)(A)(i) and 18 U.S.C. § 3553(a) to modify Mr. Mendez's total sentence from life to 280 months' imprisonment. That sentence is sufficient to serve the goals of incapacitation, deterrence, retribution, and rehabilitation. Mr. Mendez's sentence on Counts 1, 5 and 7 are therefore reduced to 280 months' imprisonment, to run concurrently with each other. The sentence for Count 8 remains 48 months' imprisonment, concurrent with all other counts.

**IT IS THEREFORE ORDERED** by the Court that the Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Docs. 311, 312, is **GRANTED**. The Court reduces Defendant's total sentence from life to 280 months' imprisonment.

All previously imposed terms and conditions in the judgment remain in effect.

5

**IT IS SO ORDERED**.

Dated: <u>October 14, 2022</u>

         S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE